## LAWRENCE v. SWANSON et al. (No. 1532.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1923. Rehearing Denied Jan. 10, 1924.)

Sales ⬡══52(5)—Evidence held to support finding of sale rather than assignment of contract of sale.

In an action for an alleged breach of contract by defendant to sell and deliver to plaintiff a carload of beans, evidence *held* to sustain a finding that the delivery of a contract with an elevator company for a carload of beans, indorsed by the purchaser with the words: "Please deliver this car to S—— S—— Co. [Signed] C. H. L."—was intended as a receipt by C. H. L. for earnest money paid by S—— S—— Company on a contract to purchase such beans, rather than an assignment of L.'s contract with the elevator.

Appeal from District Court, El Paso County; B. Coldwell, Judge.

Action by J. W. Swanson and another, doing business under the firm name of Swanson-Smith Company, against C. H. Lawrence. Judgment for plaintiffs, and defendant appeals. Affirmed.

Kemp & Nagle, of El Paso, for appellant.
Julian P. Harrison, of El Paso, for appellees.

WALTHALL, J. Appellees J. W. Swanson and Joseph B. Smith, doing business under the firm name of Swanson-Smith Company, brought this suit against appellant, C. H. Lawrence, to recover damages in the sum of $1,048, upon an alleged breach of contract to sell and deliver to appellees a carload of beans.

Appellees alleged that on the date stated they entered into an agreement with appellant, whereby appellant agreed to sell to appellees, and appellees agreed to buy, a carload of beans, delivery to be made shortly thereafter, at the time mentioned; that as a part of the above agreement, as earnest money and part payment for the beans, they delivered to appellant their check for $100. The beans were to be delivered by appellant to appellees at El Paso, Tex., when the balance of the consideration was to be paid.

The defense of appellant as presented here arises upon his answer of general denial.

The case was tried without a jury.

The trial court found in favor of appellees as to their alleged agreement for the purchase of the beans; the payment of the $100 on the contract of purchase; the failure of the appellant to deliver the beans; the difference in value between the contract price and the value of the beans at the time when they should have been delivered; "that the contract on which Lawrence wrote: 'Please deliver this car beans to Swanson-Smith Co.' [Signed] 'C. H. Lawrence'—was given as a receipt and not as an assignment;" that J. W. Lorentzen (broker) was the agent of the Rocky Mountain Bean & Elevator Company, and authorized to deal for said company; that said agent had no notice that appellees were in possession of the contract, made an exhibit between the above Rocky Mountain Bean & Elevator Company and appellant for the sale and delivery of beans by the former to the latter, until, after appellant had extended the time for the delivery of the beans, which extension was ratified by appellees; that neither party intended such indorsement (written on the above contract, made an exhibit), "Please deliver this car beans to Swanson-Smith Co." as an assignment of such contract.

The trial court concluded that appellees were entitled to recover on the contract, and for the $100 paid, total amount, $1,046, and that the above-stated indorsement on the exhibit did not constitute an assignment of the contract, and entered judgment for appellees.

### Opinion.

Appellant presents a number of propositions, all to the effect that the words, "Please deliver this car beans to Swanson-Smith Co." written by him on the contract between himself and the Rocky Mountain Bean & Elevator Company, was an assignment, as a matter of fact, by appellant to appellees, of the contract for the delivery to appellees of the car of beans, and not a receipt for the $100 as claimed by appellees.

There is a direct conflict in the evidence as to what the parties meant by the direction of appellant to deliver the car of beans to appellees; appellant claiming and testifying that he sold no beans to appellees, but sold them the contract he had with the bean and elevator company, for the delivery of the beans, and appellees claiming and testifying that they contracted with appellant for a carload of beans; that appellant demanded the payment of the $100 as a deposit on the sale of the beans, and that the amount was paid by check; that a receipt for the payment was demanded, and that appellant wrote the above words on the contract as a receipt for the $100, and the same was accepted as a receipt for such payment, and not as an assignment of the car of beans.

The court, as above, resolved the issue as one of fact thus made, in favor of appellees.

The evidence is sufficient to sustain the finding.

Finding no reversible error, the judgment is affirmed.